IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ALEX CHRISTOPHER WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:18-CV-00102-M-BR |
| | § | |
| U.S. MARSHAL'S SERVICE, | § | |
| MATTHEW E. CLAY, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS CIVIL RIGHTS COMPLAINT**

Plaintiff ALEX CHRISTOPHER WILLIAMS, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutional Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and has been granted permission to proceed *in forma pauperis*. Although the *pro se* plaintiff brings these claims pursuant to Section 1983, the allegations are against a federal employee acting in his official capacity, rendering the analysis of these claims subject to review under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). For the following reasons, plaintiff's civil rights complaint should be DISMISSED.

I.
JUDICIAL REVIEW

A prisoner's *in forma pauperis* civil rights complaint "shall" be dismissed if, inter alia, it is frivolous[1] or fails to state a claim on which relief can be granted. *See Morris v. McAllester*,

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see also Denton v. Hernandez*, 504 U.S. 25 (1992).

702 F.3d 187, 189 (5th Cir. 2012).  A *Spears* hearing need not be conducted for every *pro se*

complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2] Although ordinarily a

*pro se* litigant must be given an opportunity to amend his complaint to remedy deficiencies

before dismissal for failure to state a claim, such an opportunity is not needed if any amendment

would be futile. An amendment is deemed futile if "the amended complaint would fail to state a

claim upon which relief could be granted." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863,

873 (5th Cir. 2000).

      The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged

by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer

by defendants.

II.
PLAINTIFF'S CLAIMS

      Plaintiff names the U.S. Marshal Service as a defendant in his complaint and in his

request for damages but does not specify any particular claims against the agency; rather,

plaintiff alleges Matthew E. Clay, in his official capacity as a Deputy U.S. Marshal, "failed to

announce himself as law enforcement, which cause [sic] plaintiff to flee. [sic] Resulting in

plaintiff injuring himself (cutting off his foot.)." [ECF 3, p. 3, ¶ IV. B.].

      In its entirety, plaintiff's claims allege:

> On June 1, 2016, the U.S. Marshals Service (USMS) for the Northern District of
> Texas, Amarillo Division, executed a fugitive warrant for the Plaintiff at 2001
> Currie Lane, Amarillo, Texas. Plaintiff was leaving the residence with a friend,
> when abruptly, a white unmarked car skids into the driveway and a man jumps
> out pointing a gun at plaintiff without identifying himself as law enforcement.
> Plaintiff has no clue what is going on, but he begins to run for fear for his life. As
> plaintiff runs, he tries to jump over a fence and is shot in the leg with a taser.

---

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

Plaintiff is stunned and stumbles on the fence, causing him to lose his balance and get his shoe caught on the fence's lip and fall with his foot still caught on the fence, servering [sic] his foot nearly completely amputating it, as he hears U.S. Marshal.

[ECF 3, p. 4, ¶ V. Statement of Claim].

Although not articulated specifically, plaintiff's complaint makes a claim for unlawful seizure in violation of the Fourth Amendment and excessive force used to effectuate arrest, also in violation of the Fourth Amendment.

## III.
## THE LAW AND ANALYSIS

"Violation of the Fourth Amendment by a federal agent acting under color of his authority gives rise to a cause of action against him for damages consequent upon his unconstitutional conduct." *Rodriguez v. Ritchey*, 539 F.2d 394, 399 (referencing the holding in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)). Section 1983 authority applies to *Bivens* cases. *Id*. (citing *Brubaker v. King*, 505 F.2d 534 (7th Cir. 1974)). As a preliminary matter, the Fifth Circuit has found that subject-matter jurisdiction exists when a plaintiff alleges *Bivens* claims under the Fourth Amendment. *Id*. at 400 (also finding "it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not a dismissal for want of jurisdiction."). "An officer or an officer-investigator is not liable for every error he commits. Even if misinformed as to the facts, an arresting officer who acts with probable cause in reasonable good faith as to the validity of his actions is not liable in action for false arrest or for the consequences ensuing for such an arrest." *Id*. at 400.

A plaintiff may not bring a *Bivens* action against any federal government agency. It is only used as a basis for lawsuits against individual officers or officials. In addition to plaintiff's

failure to allege any specific Constitutional violations by the U.S. Marshal's Service directly, plaintiff also cannot pursue relief against a federal government agency for damages in this suit.

### A. Unlawful Seizure

Claims of "excessive force implicate the Fourth Amendment's proscription against unreasonable seizures." *Peterson v. City of Fort Worth*, 588 F.3d 838, 845 (5th Cir. 2009). Whenever an officer restrains the freedom of a person to walk away, he has seized that person. *United States v. Brignoni-Ponce*, 422 U.S. 873, 878 (1975). "[W]hat the Constitution forbids is not all searches and seizures, but unreasonable searches and seizures." *Elkins v. United States*, 364 U.S. 206, 222 (1960). Plaintiff has pleaded a Fourth Amendment seizure claim by alleging Deputy U.S. Marshal Clay's seizure of him in June of 2016 was unreasonable.

Plaintiff's seizure occurred when Deputy U.S. Marshal Clay executed a fugitive arrest warrant, the issuance of which required probable cause. "For the 'constitutional torts' of false arrest, unreasonable seizure, and false imprisonment, a plaintiff must show that an officer lacked probable cause." *Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001*); see also United States v. Shaw*, 701 F.2d 367, 376 (5th Cir. 1983).  Plaintiff acknowledges a fugitive arrest warrant existed at the time of the incident alleged, yet he makes no claims such warrant was invalid or lacked probable cause. Thus, plaintiff's claim for unlawful seizure is "wholly insubstantial and frivolous," and the undersigned magistrate recommends dismissal of this claim. *See Bell v. Hood*, 327 U.S. 678, 683 (1946).

### B. Excessive Force

It is clearly established that individuals have the right under the Fourth Amendment to be free from excessive force during a seizure. *See Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012). "Claims that law enforcement officials have used excessive force in the course

of an arrest, investigatory stop, or other 'seizure' of a free citizen are most properly characterized as invoking the protections of the Fourth Amendment, which guarantees citizens the right 'to be secure in their persons ... against unreasonable seizures,' and must be judged by reference to the Fourth Amendment's 'reasonableness' standard." *Graham v. Connor*, 490 U.S. 386, 387 (1989). To prevail on a claim of excessive force during seizure, a plaintiff must demonstrate that the force used as "excessive to the need," viewing the facts as a reasonable officer would perceive them. *See Cass v. City of Abilene*, 814 F.3d 721, 731 (5th Cir. 2016).

Stated another way, in order to establish a claim for excessive force, a plaintiff must demonstrate:

(1) "injury;

(2) which resulted directly and only from a use of force that was clearly excessive, and

(3) the excessiveness of which was clearly unreasonable."

*Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005). Whether the force used was excessive or unreasonable depends on the "totality of the circumstances." *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985). In making this determination, courts consider "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Poole*, 691 F.3d at 627-28. The reasonableness inquiry must be judged from the perspective of a reasonable officer on the scene "in light of the facts and circumstances confronting them, rather than the 20/20 vision of hindsight." *Graham v. Connor*, 490 U.S. 386, 396 (1989).

In the Fifth Circuit, police officers are not liable under the Fourth Amendment for negligently creating circumstances that lead to an otherwise justified use of force. *See Young v. City of Killeen*, 775 F.2d 1349, 1353 (5th Cir. 1985) (the officers were not found constitutionally

liable after a deadly shooting because "the only fault found against [the officer] was his negligence in creating a situation," causing him to mistakenly believe an individual posed a threat of serious harm."). The Fifth Circuit has rejected "the implication that [an officer manufactures] the circumstances" that give rise to a use of force, even deadly force, by "fail[ing] to follow established police procedures in displaying his badge and identifying himself while in plain clothes." *Fraire v. City of Arlington*, 957 F.2d 1268, 1275 (5th Cir. 1992).

The question becomes whether Matthew E. Clay, in using a taser to stop the flight of plaintiff, was justified in using this force to affect a seizure, and whether these actions were objectively reasonable considering his execution of a fugitive warrant issued for plaintiff. Plaintiff has clearly alleged that he suffered a significant injury resulting directly and only from the use of force. However, even when viewed in the light most favorable to plaintiff, his allegations are wholly insufficient to show that either the use of force was clearly excessive or that Deputy U.S. Marshal Clay's actions were objectively unreasonable. By plaintiff's own admissions in the complaint, plaintiff was the subject of a fugitive arrest warrant at the time of the incident and he actively fled from Clay who pursued him (without shooting the weapon plaintiff alleges was initially pointed at him). Further, plaintiff's allegations show that the only force used was in response to plaintiff's flight, not after the arrest was effectuated. In fact, plaintiff's entire complaint rests on his allegation, taken as true for purposes of this screening, that Deputy U.S. Marshal Clay did not identify himself, causing plaintiff to flee and injure himself. However, as outlined above, the Fifth Circuit does not recognize a civil rights action for a Fourth Amendment violation when an officer commits a *negligent act* (failing to identify himself) that leads to a use of force; thus, plaintiff cannot state a claim for relief under this set of facts. *See Fraire*, 957 F.2d at 1275; *see also Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863,

873 (5th Cir. 2000) (defining a futile amendment). Therefore, the undersigned magistrate recommends that plaintiff's claim for excessive force be dismissed for failing to state a claim on which relief can be granted.

IV.
RECOMMENDATION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is the RECOMMENDATION of the Magistrate Judge to the Chief District Judge that the Civil Rights Complaint by plaintiff ALEX CHRISTOPHER WILLIAMS filed pursuant to Title 42, United States Code, section 1983 be DISMISSED WITH PREJUDICE AS FRIVOLOUS as to his unlawful seizure claim and WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED as to his excessive force claim.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on February 20, 2019.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## *<u>NOTICE OF RIGHT TO OBJECT</u>*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).